NATIONAL SUPER MARKETS,
INC., Plaintiff/Respondent,

v.

KMSK, INC., Defendant,

Sumner Sadeghi, Inc., Defendant,

and

Shoa Sadeghi, Defendant/Appellant.

No. 70099.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 4, 1997.

Leonard Komen, Clayton, for defendant/appellant.

Ann Marie Piana, Earth City, Richard Bennett Walsh, Jr., Timothy Bosslet, St. Louis, for plaintiff/respondent.

CRAHAN, Judge.

Shoa Sadeghi ("Guarantor") appeals an adverse judgment holding him liable on his personal guarantee of a lease. Guarantor maintains that assignment of the lease to an unrelated third party discharged his obligations under the guarantee and that, in any event, he cannot be held liable for damages incurred after the expiration of the lease term. We affirm.

The facts relevant to disposition of the issues on appeal are not in dispute. In December, 1985, National Super Markets, Inc. ("Landlord") entered into a lease agreement

with Sumner Sadeghi, Inc. ("Tenant")[1] for premises equipped for operation of a restaurant. Unless renewed, the lease was to expire on December 31, 1990. To renew, Tenant was required to give written notice by registered mail 180 days before the end of the term. In consideration of Landlord leasing the premises to Tenant, Guarantor executed a personal guarantee of Tenant's obligations on the same date the lease was signed.

In August, 1989, with Landlord's consent as required by the terms of the lease, Tenant sold the restaurant fixtures and assigned the lease to KMSK, Inc. ("Assignee"). In its letter advising of its consent to the assignment, Landlord specifically warned that it was not releasing Tenant from its primary liability under the lease and was not releasing Guarantor from his personal guarantee of the lease.

Although Assignee claimed to have verbally notified Landlord in February of 1990 that it wished to renew the lease, Landlord received no timely written notice of renewal within the time specified in the lease. Landlord then notified Assignee that it would reclaim the property on December 31, 1990. Assignee refused to vacate the property and filed suit seeking a declaration that it had properly renewed the lease. Landlord counterclaimed for unlawful detainer. In March of 1992, Assignee vacated the premises and dismissed its petition. Landlord then amended its counterclaim, restyling it as a petition and naming itself as plaintiff. Landlord also added Tenant and Guarantor as parties defendant, seeking to hold them responsible along with Assignee for losses resulting from Assignee's holdover.

Landlord then moved for summary judgment against Tenant, Assignee and Guarantor. The trial court granted partial summary judgment, holding all three defendants liable for Landlord's losses resulting from Assignee's holdover. A jury trial was then held to determine the amount of Landlord's damages. The trial court then entered judgment in that amount against Tenant, Assignee and Guarantor. Only Guarantor has appealed the judgment and his contentions on appeal pertain solely to the propriety of the partial summary judgment holding him liable on his personal guarantee of the lease agreement.

■■■ When considering an appeal from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo*. *Id.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court initially. *Id.* The propriety of summary judgment is purely an issue of law and we need not defer to the trial court's order. *Id.* Summary judgment is granted where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. Rule 74.04.

■■■ On appeal, Guarantor does not claim that there was any genuine issue of material fact which would preclude summary judgment as to liability. Rather, Guarantor claims that, as a matter of law, assignment of the lease was a material alteration of terms of his obligation which operates to discharge him from liability on his guarantee. We disagree.

■■■ In Missouri, it is well-settled that the liability of a guarantor is to be strictly construed according to the terms of the guaranty agreement and may not be extended by implication beyond the strict letter of the obligation. *Ulreich v. Kreutz*, 876 S.W.2d 726, 728 (Mo.App.1994). The terms of a guaranty are to be understood in their plain and ordinary sense, when read in light of the surrounding circumstances and the object intended to be accomplished. *Id.* A guaranty may be construed together with any contemporaneously executed agreements dealing with the same subject matter as an aid in ascertaining the intention of the parties. *Id.*

In this case, the lease agreement clearly contemplated the possibility of assignment and specially set forth Tenant's obligations in the event of assignment:

1. Sumner Sadeghi, Inc. later changed its name to Pacific Express Investment Corp.

(6) The Tenant covenants not to assign ... without the written consent of [Landlord].

\* \* \* \*

(16) ... and if the Demised Premises are not surrendered at the end of the term, ... Tenant shall indemnify [Landlord] against loss or liability resulting from the delay of Tenant in so surrendering the Demised Premises.

\* \* \* \*

(24) In the event of Tenant's default, and if the Premises or any part thereof are then assigned or sublet, [Landlord], in addition to any other remedies herein provided, or provided at law, may at his option collect directly from such assignee or sublessee all rents becoming due to Tenant under such assignment or sublease and apply such rent against any sum due to [Landlord] from Tenant hereunder, and no such collection shall be construed to constitute a novation or a release of Tenant from further performance of Tenant's obligations hereunder.

Guarantor's personal guarantee included the following terms:

(1) The undersigned Guarantor hereby guarantees the performance and observation of all the undertakings, obligations and covenants to be performed ... after this date by [Tenant].

\* \* \* \*

(6) ... Sublessor is not bound to exhaust its recourse against Sublessee or others ... before being entitled to demand payment from or proceed against the undersigned.

(7) This is an absolute continuing guaranty.

■ Despite this sweeping language, Guarantor urges on appeal that assignment of the lease materially altered his obligations because he only guaranteed the performance of Tenant, in which he had an economic interest as general manager of the restaurant. According to Guarantor, when the lease was assigned to an unrelated third party, he lost the ability to ensure that the obligations of the lease were met. Thus, Guarantor reasons, his obligations under the guarantee must be deemed discharged. We disagree.

The flaw in Guarantor's reasoning is that nothing in his written guarantee purported to restrict or condition his liability to circumstances in which he could control Tenant's performance. Instead, Guarantor specifically guaranteed the performance of all obligations of Tenant. Assignment of the lease did not change or alter Tenant's obligations. Under the terms of the lease, Tenant was obliged to indemnify Landlord from any loss resulting from Tenant's delay in surrendering the demised premises. As the trial court properly found, Assignee's holdover is conceptually a holdover by Tenant. So long as Assignee remained in possession, Tenant could not be said to have surrendered the premises. Further, as noted above, the lease itself expressly contemplated the possibility of assignment without releasing Tenant from any of its obligations. Under such circumstances, assignment was not a "material alteration" which will discharge Guarantor from his obligation.

■ We must likewise reject Guarantor's contention that his obligation was discharged upon expiration of the term of the lease on December 31, 1990. Paragraph 16 of the lease clearly requires Tenant to indemnify Landlord for losses resulting from delay in surrendering the premises. Thus, Tenant's obligations under the lease extended beyond the expiration of the lease term up to the date of surrender. Inasmuch as Guarantor personally guaranteed all of Tenant's obligations under the lease, the guarantee likewise extended beyond the expiration of the lease term.

Judgment affirmed.

GRIMM and HOFF, JJ., concur.