**Emil LOSKOT and Yvonne Loskot, Appellants,**

v.

**OLD MINES CREEK LAND COMPANY and Joseph Flaherty, Respondents.**

No. 74962.

Missouri Court of Appeals, Eastern District, Southern Division.

July 6, 1999.

Clinton B. Roberts, Roberts, Roberts & Burcham, L.L.C., Farmington, for appellant.

Paul F. Devine, Blair K. Drazic, Vatterott, Shaffar & Dolan, Maryland Heights, for respondent.

RICHARD B. TEITELMAN, Judge.

Emil and Yvonne Loskot ("Buyers") appeal from a grant of Summary Judgment in favor of Old Mines Creek Land Company ("Seller")[1] in an action for specific performance of a real estate contract and for damages. We affirm in part and reverse and remand in part.

*Background*

Buyers negotiated with Seller's agent to purchase certain land in Washington County, Missouri. On April 10, 1996, a document prepared by Seller was executed by Buyers and a listing broker for Seller calling for the sale of the property. The Contract for Sale provided that Seller would convey the specified property to Buyers and that the sale would close at the

---

1. Joseph Flaherty, Seller's agent, was also a party at trial. No error is asserted as to Defendant Flaherty on appeal.

title company no later than June 21, 1996. Included in that contract was the following term:

18. *Approvel of Directors of Corporation.* Notwithstanding any other provision in this contract to the contrary, this contract and the sale agreed to shall be subject to the written approval of the directors of Old Mines Creek Land Company (Seller) prior to that date set for Closing as set forth specifically in Paragraph 4. In the event that said directors do not approve this contract and sale, then, in that event, Seller shall forthwith notify title company and Buyer of said disapproval and this contract shall then be null and void, and each party shall have no further rights under said contract, except that all earnest money deposited by Buyer shall be returned to Buyer.

Prior to June 21, 1996, Seller contacted Buyers advising that Seller would not convey the property being sold under the contract unless Buyers would re-negotiate the contract and give to Seller an unlimited easement over the property. The sale was not closed on June 21, 1996.

Buyers brought suit against Seller and Seller's agent, Joseph Flaherty, in the Circuit Court of Washington County seeking specific performance of the sales contract and unspecified damages. Both parties filed motions for summary judgment.

The trial court granted summary judgment in favor of Seller. The court found that Buyers had failed to state a cause of action for specific performance of the sales contract against Defendant Joseph Flaherty because Flaherty "was acting in his capacity as an agent for a disclosed principle (sic) and so is not a party to the sales contract." The court also found that Buyers had failed to state a cause of action against Seller because a resolution of Seller's Board of Directors, a condition precedent to the performance of the contract, had not been fulfilled.

Buyers appeal.

*Discussion*

When reviewing the grant of a summary judgment motion, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* "Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits filed in support of the motion, demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993), citing *Krause v. U.S. Truck Co., Inc.,* 787 S.W.2d 708, 709 (Mo. banc 1990); Rule 74.04(c)(3). Our review is essentially *de novo,* and the criteria on appeal for testing the propriety of summary judgment are the same as the trial court should initially employ. *National Super Markets, Inc. v. KMSK, Inc.,* 940 S.W.2d 47, 49 (Mo.App. E.D.1997). The propriety of summary judgment is purely an issue of law. *Id.*

In the case at bar, the contract provided that sale was subject to the written approval of the Seller's Board of Directors, and that notice would be provided to the Buyers and the title company by the Seller if the Directors did not approve the sale.

Buyers argue that there is a material question of fact regarding whether or not Seller gave notice of the disapproval by the Board of Directors. We agree.

Seller provided affidavits stating that Buyers had been given notice that the sale would not close on the contract for sale as it was written, as Seller wanted an easement over the property being sold. Buyers concede in their petition that they received such notice, but argue that they were not notified by Seller of any action by its Board, as required by the contract. Seller's affidavits contradict this claim. A

material question of fact exists regarding whether Seller's Board had failed to approve the contract and whether Buyer received notice of the Board's decision. Therefore, Summary Judgment is improper.

The Summary Judgment entered in favor of Joseph Flaherty is affirmed. The Summary Judgment entered in favor of Seller is reversed and remanded for further proceedings consistent with this opinion.

ROBERT G. DOWD, Jr., C.J., and KENT E. KAROHL, J., concur.