City of Burlington v. The Electronics Hospital, Inc., No. S0616-03 CnC  (Norton, J., Apr. 27, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                     SUPERIOR COURT
Chittenden County, ss.:                         Docket No. S0616-03 CnC


CITY OF BURLINGTON

v.

THE ELECTRONICS HOSPITAL, INC.;
THOMAS RYAN; and NANCY RYAN


ENTRY

The plaintiff, the City of Burlington, has sued the defendants for unpaid rent. The parties have stipulated to a judgment of $22,623.07 in damages, plus $2,000 in attorneys fees. The only remaining issue concerns whether Thomas and Nancy Ryan are liable as guarantors under the lease.

The following facts are undisputed. On January 30, 1995, Thirty Sixty Associates leased premises at 3060 Williston Road, South Burlington, Vermont, to The Electronics Hospital, Inc., for the purposes of operating an electronics-related business. On the last page of the lease agreement, Thomas and Nancy Ryan signed a personal guaranty, stating: "We, Nancy Ryan and Tom Ryan, guarantee performance by Electronics Hospital, Inc., the Tenant, of its obligations under the foregoing lease."

The lease agreement included a limited option for renewing the lease, whereby the only negotiable terms were the length of the subsequent term and the amount of rent. On February 28, 2001, Thirty Sixty Associates sent a letter proposing to extend the lease until March 31, 2003, with an increased rent. Thomas and Nancy Ryan signed this

agreement apparently as agents of The Electronics Hospital, the same capacity in which they entered the original lease.

In June 2001, the City purchased the property at 3060 Williston Road, assuming all rights and obligations of Thirty Sixty Associates with respect to the lease agreement.

For the months of August, September, October, November, and December 2002, as well as January and one-half of February, 2003, the defendants failed to pay rent. The defendants subsequently vacated the leasehold in February pursuant to an agreement to terminate the lease and to pay arrearage. When the defendants failed to pay the agreed arrearage, the City brought this action.

As noted above, the parties no longer dispute damages. The Ryans, however, argue that their personal guaranty did not extend to subsequent modifications of the lease, particularly the February 28, 2001 renewal. Furthermore, they argue, any informal, unwritten personal guaranty for the amended lease violates the statute of frauds.

The Vermont Statute of Frauds includes "special promise[s] to answer for the debt, default or misdoings of another," 12 V.S.A. § 181(2), and the Vermont Supreme Court has applied this provision to guaranty agreements, Weale v. Lund, 162 Vt. 622, 624 (1994). In Weale, the Court affirmed a trial court ruling that the defendants were actual principals, rather than guarantors, so § 181(2) did not apply. Id.

Here, the Ryans were not principals on the original lease. The lease specifically identifies The Electronics Hospital as the tenant. Nancy Ryan signed the lease agreement as a "Duly Authorized Agent." Finally, the guaranty is identified as a "PERSONAL GUARANTEE." It would defy logic to consider the signatory to this guaranty as both a guarantor and a principal signatory to the lease. Accordingly, any liability asserted against the Ryans as guarantors must satisfy § 181(2) of the Vermont Statute of Frauds.

"When a guaranty agreement incorporates another contract, the two documents are read together . . . . In other words, when a party undertakes to guaranty the faithful performance of another contract, the guarantor is contracting in reference to the other contract, 'otherwise it would not know what obligation it was assuming.'" Central Bldg., LLC v. Cooper, 26 Cal. Rptr. 3d 212, 216 (Cal. Ct. App. 2005) (quoting Boys Club of San Fernando Valley, Inc. v. Fidelity Deposit Co., 6 Cal. App. 4th 1266, 1271, 8 Cal. Rptr. 2d 587, 590 (Cal. App. Ct. 1992)).

> [T]he terms of a guaranty should neither be so narrowly interpreted as to frustrate the obvious intent of the parties, nor so loosely interpreted as to relieve the guarantor of a liability fairly within their terms. Moreover, writings executed at the same time and relating to the same transaction or subject matter will be construed together in determining the intent underlying the contracts. Put another way, the guaranty and any other written agreements it incorporates must be construed together in order to determine the parties' intentions.

Kruse v. Nat'l Bank of Indianapolis, 815 N.E.2d 137, 145 (Ind. Ct. App. 2004) (citations omitted); see also Grand Inv. Corp. v. Connaughton, Boyd & Kenter, P.C., 119 S.W.3d 101, 115 (Mo. Ct. App. 2003) ("'A guaranty may be construed together with any contemporaneously executed agreements dealing with the same subject matter as an aid in ascertaining the intention of the parties.'" (quoting Nat'l Super Mkt., Inc. v. KMSK, Inc., 940 S.W.2d 47, 49 (Mo. Ct. App. 1997))).

Here, the guaranty makes reference to "the foregoing lease." The court must therefore construe the Ryans' obligations as guarantors in reference to the lease agreement. The lease agreement provided for renewals with limited terms for negotiation. Because the Ryans would have been on notice of this provision, their guaranty was a "continuing guaranty" for obligations that the tenant made by exercising such renewals. See Restatement (Third) of Suretyship and Guaranty § 16 cmt. a (1996) ("A person can agree to become a secondary obligor for subsequent obligations of another person. . . . [I]n some cases, such an agreement is for specific, identifiable obligations that are planned in the future . . . ."). When Thirty Sixty Associates extended the lease and modified the rental amount, the Ryans were still obligated under their original guaranty, which satisfied the Statute of Frauds.ORDER

For the foregoing reasons, the court finds that the defendants Thomas and Nancy Ryan are jointly liable, as guarantors of the lease agreement, for $22,623.07, as well as $2,000 in attorneys fees.


Dated at Burlington, Vermont, April 27, 2005.


_____/s/_____

Judge